UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY J. MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-3599 (UNA) |
| | ) |
| MARY LOU SOLLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1).  The Court grants the application and, for the reasons discussed below, dismisses the complaint in its entirety.

Plaintiff is a Maryland prisoner currently incarcerated at the Jessup Correctional Institution in Jessup, Maryland.  He brings this action against the mother of his minor daughter, the mother's attorney and the attorney's law firm.  All of his claims arise from proceedings in the Superior Court of the District of Columbia regarding, among other things, plaintiff's motion to modify a 2018 custody agreement, including an evidentiary hearing commenced on April 29, 2022, and the May 19, 2022, order granting the mother temporary sole physical and legal custody of the child.  Plaintiff alleges that defendants conspired with the presiding judge, violated his right to due process of law, breached the custody agreement, defamed him, and caused harm to the child and to plaintiff's relationship with the child.  Plaintiff demands a judgment in his favor and an award of monetary damages.  This Court cannot grant the relief plaintiff demands.

Insofar as plaintiff demands damages from the Superior Court judge, the claim fails because the judge enjoys absolute judicial immunity.  Few doctrines were more solidly

established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ." *Pierson v. Ray,* 386 U.S. 547, 553–54 (1967). Here, accepting the complaint's allegations as true, the judge was acting in her judicial capacity when she issued the rulings and orders plaintiff deems objectionable and, therefore, absolute judicial immunity protects her from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error").

The mother and her attorney also enjoy immunity from suit. To protect the integrity of the judicial process, "[t]he immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings [is] well established," *Briscoe v. LaHue*, 460 U.S. 325, 330–31 (1983), as is the immunity of the parties' advocates, *Butz v. Economou*, 438 U.S. 478, 512 (1978).

And to the extent plaintiff asks this Court to review the underlying District of Columbia court decisions to which he objects, this Court has no authority to do so. *See, e.g.*, *Rowland v. Superior Court Building B*, No. 1:14-cv-0450, 2014 WL 1321106, at *1 (D.D.C. Mar. 20, 2014) ("This Court has no authority to review or reverse the decisions of a Superior Court judge, or to direct the activities of that court.").

The Court will dismiss the complaint and this civil action without prejudice. An Order will issue separately.

DATE: February 26, 2024              RUDOLPH CONTRERAS
                                     United States District Judge